IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 15-63-GF-BMM-JTJ |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| JOSEPH DEAN LEE, | |
| Defendant. | |

## I.     Synopsis

Defendant JOSEPH DEAN LEE (Lee) has been accused of violating the conditions of his supervised release. (Doc. 101) Following an evidentiary hearing, the Court determined that the Government had met its burden of proof showing by a preponderance of evidence that it was more likely than not that Lee had violated the conditions of his supervised release. Lee's supervised release should be revoked. Lee should be sentenced to custody until noon on January 31, 2025, on Count II and to custody until noon on January 31, 2025, on Count III, with 32 months of supervised release to follow on Count II and 32 months of supervised release to follow on Count III, with both the custodial and supervised release terms to run concurrently.

## II. Status

Lee was found guilty on January 6, 2016, by a jury of the offenses of Count II: Assault with the Intent to Commit Aggravated Sexual Abuse, in violation of 18 U.S.C. §§ 1153(a), 113(a)(1) and Count III: Assault with the Intent to Commit Abusive Sexual Contact, in violation of 18 U.S.C. §§ 1153(a), 113(a)(2) as charged in the Indictment. (Doc. 63) Lee was sentenced to 110 months of custody on each count, with the terms to run concurrently, followed by 3 years of supervised release on each count, with the terms to run concurrently. (Doc. 62) Lee's current term of supervised release began on September 30, 2024.

### Petition

On October 17, 2024, the United States Probation Office filed a Petition requesting that the Court revoke Lee's supervised release. (Doc. 101) The Petition alleged Lee violated conditions of his supervised release by: (1) failing to report to the probation office within 72 hours of being released from custody on September 30, 2024; and (2) failing to report to his probation officer as instructed on October 7, 2024, with his whereabouts unknown until his arrest on December 2, 2024.

### Initial Appearance

Lee appeared before the Court on December 10, 2024. Lee was represented by counsel. Lee stated that he had read the Petition and that he understood the

allegations against him. Lee waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

### Revocation Hearing

Lee appeared before the Court on December 10, 2024. Lee requested an evidentiary hearing. The Court scheduled an evidentiary hearing for December 18, 2024, at 10:30 a.m., which was re-set for January 7, 2025.

### Evidentiary Hearing

At the outset of the January 7, 2025, hearing, the Court heard testimony from United States Probation officer Zane Schumaker. Based upon the testimony, the Court determined that the Government had met its burden to show by a preponderance of the evidence that it was more likely than not that Lee had committed the alleged violations of: (1) failing to report to the probation office within 72 hours of being released from custody on September 30, 2024; and (2) failing to report to his probation officer as instructed on October 7, 2024, with his whereabouts unknown until his arrest on December 2, 2024. Lee's violations are serious and warrant revocation of his supervised release.

### Sentencing hearing

Lee appeared before the Court on January 7, 2025. Lee's violations are Grade C. His criminal history category is II. Lee's underlying offenses, Count II and III, are each a Class C felony. Lee could be incarcerated for up to 24 months. Lee could

be ordered to remain on supervised release for up to 34 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

### III.   Analysis

Lee's supervised release should be revoked. Lee should be sentenced to custody until January 31, 2025, at noon on Count II and to custody until January 31, 2025, at noon on Count III, with 32 months of supervised release to follow on Count II and 32 months of supervised release to follow on Count III, with both the custodial and supervised release terms to run concurrently.

### IV.   Conclusion

The Court informed Lee that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Lee of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Lee that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Lee waived his right to appeal and to allocute before Judge Morris.

The Court **FINDS**:

That JOSEPH DEAN LEE has violated the conditions of his supervised release by: (1) failing to report to the probation office within 72 hours of being released from custody on September 30, 2024; and (2) failing

to report to his probation officer as instructed on October 7, 2024, with his whereabouts unknown until his arrest on December 2, 2024.

The Court **RECOMMENDS**:

That the District Court revoke Lee's supervised release and sentence Lee to custody until January 31, 2025, at noon on Count II and to custody until January 31, 2025, on Count III, with 32 months of supervised release to follow on Count II and 32 months of supervised release to follow on Count III, with both the custodial and supervised release terms to run concurrently.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 8th day of January 2025.

John Johnston
United States Magistrate Judge